**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF TEXAS**
**LUFKIN DIVISION**

| | | |
|---|---|---|
| **JAMA MOHAMUD** | § | Docket No. _____ |
| | § | |
| *Plaintiff*, | § | |
| | § | |
| v. | § | **JURY TRIAL DEMANDED** |
| | § | |
| **BENITO CABALLERO-SANCHEZ,** | § | |
| **NICOLAS SANTANA, and NICOLAS** | § | |
| **SANTANA d/b/a NICOLAS TRUCKING** | § | |
| | § | |
| *Defendant*. | § | |

**PLAINTIFF'S ORIGINAL COMPLAINT**

**COMES NOW,** Jama Mohamud and files this, his Original Complaint, complaining of and about Defendants Benito Caballero-Sanchez, Nicolas Santana, and Nicolas Santana d/b/a Nicolas Trucking, and in support hereof, would show the Court the following:

**I.**
**SUMMARY**

1.  On or about November 22, 2013, Plaintiff Jama Mohamud ("Mohamud" or "Plaintiff") was involved in a motor vehicle collision with a  tractor-trailer operated by Defendant Benito Caballero-Sanchez ("Caballero-Sanchez") and owned by Defendant Nicolas Santana ("Santana") and/or Defendant Nicolas Santana d/b/a Nicolas Trucking ("Nicolas Trucking") (collectively, "Defendants"). As a result of the collision, Plaintiff sustained severe and debilitating injuries and resulting damages.

**II.**
**JURISDICTION AND VENUE**

2.  This Court has original subject matter jurisdiction pursuant to 28 U.S.C. § 1332(a) because this action involves a controversy between parties of diverse citizenship and the amount in controversy exceeds $75,000.00.

3.  Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b) because Defendants reside in Shelby County, Texas located within this District and Division and because a substantial part of the events or omissions giving rise to the claim occurred in Shelby County, Texas.

### III.
### PARTIES AND SERVICE

4.  Plaintiff Jama Mohamud is an individual residing in the State of Ohio.

5.  Defendant Benito Caballero-Sanchez, upon information and belief, is an individual and resident of Tenaha, Shelby County, Texas. Defendant Caballero-Sanchez may be served with process at his place of residence located at 259 Hicks Road, Tenaha, Texas 75974-5206, or wherever he may be found.

6.  Defendant Nicolas Santana, upon information and belief, is an individual and resident of Center, Shelby County, Texas.  Defendant Santana may be served with process at his place of residence and/or business located at 181 County Road 1066, Center, Texas 75935-6529, or wherever he may be found.

7.  Defendant Nicolas Santana d/b/a Nicolas Trucking, upon information and belief, is an unincorporated company doing business in Texas and owned solely by Defendant Santana located in Center, Shelby County, Texas.  Defendant Nicolas Trucking may be served with process by serving owner Nicolas Santana at his place of residence and/or business located at 181 County Road 1066, Center, Texas 75935-6529, or wherever he may be found.

### IV.
### FACTS

8.  On or about 3:40 a.m. the morning of November 22, 2013, Plaintiff Jama Mohamud was traveling northbound on U.S. Highway 59 in Shelby County, Texas. At that same time, Defendant Caballero-Sanchez was acting in the course and scope of his employment with

Defendant Santana and/or Defendant Nicolas Trucking and was traveling southbound on U.S. Highway 59 in a tractor-trailer owned by Defendant Santana and/or Defendant Nicolas Trucking. The crash at issue occurred when, suddenly and without warning, the southbound tractor-trailer being driven by Defendant Caballero-Sanchez crossed into the northbound lane in which Plaintiff was traveling in and struck Plaintiff's vehicle.



Unfortunately, as a result of the crash at issue, Plaintiff sustained severe and debilitating injuries.

**V.**
**<u>CONDITIONS PRECEDENT</u>**

9.  Plaintiff specifically alleges that all notice requirements and conditions precedent to filing this suit have been satisfied and/or completed.

**VI.**
**PLAINTIFF'S CLAIM OF NEGLIGENCE**
**<u>AGAINST DEFENDANT CABALLERO-SANCHEZ</u>**

10. Defendant Caballero-Sanchez had a duty to exercise the degree of care that a reasonably careful person would use to avoid harm to others under circumstances similar to those described herein. Plaintiff's injuries were proximately caused by Defendant Caballero-

Sanchez's negligent, careless and reckless disregard of said duty.

11. The negligent, careless and reckless disregard of duty of Defendant Caballero-Sanchez consisted of, but is not limited to, the following acts and omissions:

    A.    In that Defendant Caballero-Sanchez failed to keep a proper lookout for Jama Mohamud's safety that would have been maintained by a person of ordinary prudence under the same or similar circumstances;

    B.    In that Defendant Caballero-Sanchez failed to drive his vehicle in the appropriate lane of traffic under the same or similar circumstances;

    C.    In that Defendant Caballero-Sanchez failed to take proper evasive action in order to avoid the collision with Jama Mohamud's vehicle;

    D.    In that Defendant Caballero-Sanchez failed to control his speed;

    E.    In that Defendant Caballero-Sanchez crossed a divided highway lane into oncoming traffic;

    F.    In that Defendant Caballero-Sanchez failed to maintain his vehicle in a single lane of traffic;

    G.    In that Defendant Caballero-Sanchez failed to maintain proper control of his vehicle;

    H.    In that Defendant Caballero-Sanchez failed to keep a proper lookout;

    I.    In that Defendant Caballero-Sanchez failed to turn when safe to do so;

    J.    In that Defendant Caballero-Sanchez drove inattentively; and

    K.    In that Defendant Caballero-Sanchez drove recklessly.

## VII.
## PLAINTIFF'S CLAIM OF NEGLIGENCE
## PER SE AGAINST DEFENDANT CABALLERO-SANCHEZ

12. Defendant Caballero-Sanchez was negligent *per se* as a matter of law in driving a vehicle upon a public roadway in the State of Texas in a reckless manner (where no exception applied), in failing to drive on the right side of the roadway, and in turning his vehicle when

it was unsafe to do so, to wit:

A.    In failing to turn safely in violation of Section 545.103, Transportation Code, V.T.C.A.;

B.    In failing to drive on the right side of the roadway in violation of Section 545.051, Transportation Code, V.T.C.A.;

C.    In failing to move or remain to the right while moving in the opposite direction of the movement of another operator in violation of Section 545.052, Transportation Code, V.T.C.A.;

D.    In failing to move from his lane when safe to do so in violation of Section 545.060, Transportation Code, V.T.C.A.;

E.    In failing drive on the right roadway on a divided highway in violation of Section 545.063, Transportation Code, V.T.C.A.;

F.    In failing to control the speed of his vehicle in violation of Section 545.351, Transportation Code, V.T.C.A.; and

G.    In operating his vehicle in willful and wanton disregard for the safety of persons or property in violation of Section 545.401, Transportation Code, V.T.C.A.

13. The purpose of the V.T.C.A., Transportation Code, Sections 545.103, 545.051, 545.052, 545.060, 545.063, 545.351, and 545.401 is to regulate the smooth and orderly flow of traffic on streets and public highways and these provisions were intended to, inter alia, protect persons from collisions.  Plaintiff Jama Mohamud was among those persons intended to be protected by V.T.C.A., Transportation Code.  Accordingly, Defendant Caballero-Sanchez's failure to comply with these provisions of said statutes constitutes negligence *per se* as a matter of law.

## VIII.
## PLAINTIFF'S CLAIM OF NEGLIGENT HIRING AND RETENTION AGAINST DEFENDANTS SANTANA AND NICOLAS TRUCKING

14. On November 22, 2013, Defendant Santana and/or Defendant Nicolas Trucking were the owners of the vehicle that was operated by Defendant Caballero-Sanchez. Defendant Santana

and/or Defendant Nicolas Trucking entrusted the vehicle to Defendant Caballero-Sanchez, a reckless and incompetent driver.

15. Defendant Santana and Defendant Nicolas Trucking knew, or through the exercise of reasonable care should have known, that Defendant Caballero-Sanchez was a reckless and incompetent driver. As described, Defendant Caballero-Sanchez was negligent on the occasion in question and such negligence was a proximate cause of the Plaintiff's injuries and damages.

## IX.
## NEGLIGENT ENTRUSTMENT

16. At the time of the collision, Defendant Santana and/or Defendant Nicolas Trucking owned the tractor-trailer being driven by Defendant Caballero-Sanchez and involved in the above-described collision. Defendant Santana and/or Defendant Nicolas Trucking were negligent in entrusting said tractor-trailer to Defendant Caballero-Sanchez in that he was an unskilled, incompetent, and a reckless driver. Defendant Santana and/or Defendant Nicolas Trucking entrusted the tractor-trailer with conscious indifference to the rights and safety of others. That entrustment was a direct and proximate cause of the damages suffered by Plaintiff which he hereby sues Defendants in an amount within the jurisdictional limits of the Court.

## X.
## PLAINTIFF'S CLAIM OF NEGLIGENCE BASED ON
## RESPONDEAT SUPERIOR AGAINST DEFENDANTS
## SANTANA AND NICOLAS TRUCKING

17. In addition, at the time of the occurrence of the act in question and immediately prior thereto, Defendant Caballero-Sanchez, the driver of the vehicle owned by Defendant Santana and/or Defendant Nicolas Trucking, was within the course and scope of employment for Defendant Santana and/or Defendant Nicolas Trucking.

18. At the time of the occurrence of the act in question and immediately prior thereto, Defendant Caballero-Sanchez was engaged in the furtherance of Defendant Santana and Defendant Nicolas Trucking's business.

19. At the time of the occurrence of the act in question and immediately prior thereto, Defendant Caballero-Sanchez was engaged in accomplishing a task for which he was employed.

20. Defendant Caballero-Sanchez had a duty to exercise the degree of care that a reasonably careful person would use to avoid harm to others under circumstances similar to those described herein.

21. Plaintiff's injuries and damages were proximately caused by Defendant Caballero-Sanchez's negligent, careless and reckless disregard of said duty.

22. The negligent, careless and reckless disregard of duty of Defendant Caballero-Sanchez consisted of, but is not limited to, the following acts and omissions:

   A. In that Defendant Caballero-Sanchez failed to keep a proper lookout for Jama Mohamud's safety that would have been maintained by a person of ordinary prudence under the same or similar circumstances;

   B. In that Defendant Caballero-Sanchez failed to drive his vehicle in the appropriate lane of traffic under the same or similar circumstances;

   C. In that Defendant Caballero-Sanchez failed to take proper evasive action in order to avoid the collision with Jama Mohamud's vehicle;

   D. In that Defendant Caballero-Sanchez failed to control his speed;

   E. In that Defendant Caballero-Sanchez crossed a divided highway lane into oncoming traffic;

   F. In that Defendant Caballero-Sanchez failed to maintain his vehicle in a single lane of traffic;

   G. In that Defendant Caballero-Sanchez failed to maintain proper control of his vehicle;

H.      In that Defendant Caballero-Sanchez failed to keep a proper lookout;

I.      In that Defendant Caballero-Sanchez failed to turn when safe to do so;

J.      In that Defendant Caballero-Sanchez drove inattentively; and

K.      In that Defendant Caballero-Sanchez drove recklessly;

L.      In that Defendant Caballero-Sanchez failed to turn safely in violation of Section 545.103, Transportation Code, V.T.C.A.;

M.      In that Defendant Caballero-Sanchez failed to drive on the right side of the roadway in violation of Section 545.051, Transportation Code, V.T.C.A.;

N.      In that Defendant Caballero-Sanchez failed to move or remain to the right while moving in the opposite direction of the movement of another operator in violation of Section 545.052, Transportation Code, V.T.C.A.;

O.      In that Defendant Caballero-Sanchez failed to move from his lane when safe to do so in violation of Section 545.060, Transportation Code, V.T.C.A.;

P.      In that Defendant Caballero-Sanchez failed to drive on the right roadway on a divided highway in violation of Section 545.063, Transportation Code, V.T.C.A.;

Q.      In that Defendant Caballero-Sanchez failed to control the speed of his vehicle in violation of Section 545.351, Transportation Code, V.T.C.A.; and

R.      In that Defendant Caballero-Sanchez operated his vehicle in willful and wanton disregard for the safety of persons or property in violation of Section 545.401, Transportation Code, V.T.C.A.

23. Plaintiff hereby invokes the doctrine of *Respondent Superior* against Defendant Santana and Defendant Nicolas Trucking.

## XI.
## AGENCY ALLEGATIONS

24. Wherever in this Complaint it is alleges that Defendant Nicolas Trucking did any act or thing, it is meant that Defendant Nicolas Trucking's officers, agents, servants, employees, or representatives did such act or thing and that at the time such act or thing was done, it was

done with the full authorization or ratification of Defendant Nicolas Trucking, or was done in the normal and routine course and scope of employment of Defendant Nicolas Trucking's officers, agents, employees, or representatives.

## XII.
## DAMAGES

25. As a direct and proximate result of the occurrence made the basis of this lawsuit, Plaintiff Jama Mohamud was caused to suffer severe and debilitating personal injuries.  Accordingly, Plaintiff Jama Mohamud, is entitled to recover damages, including for the following categories of damages:

    (a)    Physical pain and mental anguish sustained in the past;

    (b)    Physical pain and mental anguish that, in reasonable probability, Plaintiff will sustain in the future;

    (c)    Disfigurement sustained in the past;

    (d)    Disfigurement that, in reasonable probability, Plaintiff will sustain in the future;

    (e)    Physical impairment sustained in the past;

    (f)    Physical impairment that, in reasonable probability, Plaintiff will sustain in the future;

    (g)    Medical care expenses sustained in the past;

    (h)    Medical care expenses that, in reasonable probability, Plaintiff will sustain in the future;

    (i)    Lost wages sustained in the past; and

    (j)    Loss of earning capacity that, in reasonable probability, Plaintiff will sustain in the future.

26. Further, as a result of the injuries he sustained, Plaintiff's ability to administer to the needs of himself and his family and to attend to his customary household duties and occupations has been seriously impaired, and in all reasonable probability, will continue to be seriously

impaired far into the future. In this regard, Plaintiff seeks damages including for the following:

    (a)    Loss of household services sustained in the past; and

    (b)    Loss of household services that, in reasonable probability, Plaintiff will sustain in the future.

27. All of the injuries and damages as set forth herein above were proximately caused by the negligence of Defendants.  Accordingly, Plaintiff is bringing this suit for just, reasonable, and adequate compensation against Defendants. Additionally, Plaintiff seeks all other elements or damages not specifically identified herein to which he is entitled to under Texas law, including pre-judgment interest, post-judgment interest, all costs of Court, and any and all other legal and equitable relief to which he is justly entitled.

## XIII.
## EXEMPLARY DAMAGES ALLEGATIONS

28. In addition to the above and foregoing, the acts or omissions underlying this cause of action, when viewed objectively from the Defendants' standpoint at the time they occurred involved an extreme degree of risk, considering the probability and magnitude of the potential harm to others in that there was a likelihood of serious injury to others, including to Jama Mohamud.

29. Defendants had actual, subjective awareness of the risk, but proceeded with conscious indifference to the rights, safety or welfare of others.  Accordingly, based on the above and foregoing, Plaintiff requests exemplary damages be awarded to Plaintiff from Defendants.

## XIV.
## JURY DEMAND

30. Plaintiff hereby demands a trial by jury.

## XV.
## CLAIM FOR INTEREST

31. Plaintiffs claim prejudgment and post-judgment interest in accordance with Texas Finance Code § 304.102, and any other applicable law or principle of equity.

## XVI.
## RELIEF SOUGHT

32. WHEREFORE, PREMISES CONSIDERED, Plaintiff prays that the Defendants be cited to appear and answer herein, and that upon a final hearing of the cause, judgment be entered for the Plaintiff against Defendants for all damages alleged herein in an amount within the jurisdictional limits of the Court, together with pre-judgment interest (from the date of injury through the date of judgment) at the maximum rate allowed by law; post-judgment interest at the legal rate; costs of court; and for other such relief, both general and special, to which Plaintiff may be entitled at law or in equity.

Respectfully submitted,

FIBICH LEEBRON COPELAND
BRIGGS & JOSEPHSON

By: /s/ Michael A. Josephson
Michael A. Josephson
State Bar No. 24014780
mjosephson@fibichlaw.com
Lindsay R. Itkin
State Bar No. 24068647
litkin@fibichlaw.com
Andrew W. Dunlap
State Bar No. 24078444
adunlap@fibichlaw.com
Jessica M. Bresler
State Bar No. 24090008
jbresler@fibichlaw.com
1150 Bissonnet Street
Houston, TX 77005
Telephone: 713-751-0025
Facsimile: 713-751-0030

-and-

Sanford A. Meizlish
Ohio Reg. No. 0002620
To be admitted *pro hac vice*
BARKAN MEIZLISH
250 E. Broad St., 10th Floor
Columbus, OH 43215
Telephone: 614-221-4221
Facsimile: 614-744-2300
smeizlish@barkanmeizlish.com

-and-

George E. Chandler
State Bar No. 04094000
M. Kirk Mathis
State Bar No. 24006078
CHANDLER, MATHIS & ZIVLEY, P.C.
207 E. Frank Ave., #105
Lufkin, TX 75901
Telephone: 936-632-7778
Facsimile: 936-632-1304
gchandler@cmzlaw.net
kmathis@cmzlaw.net

**ATTORNEYS FOR PLAINTIFF**